# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

KENYA BROWN,

        Defendants.



**REPORT AND RECOMMENDATION**
**13-CR-6006(CJS)**

## Procedural Background

By Text Order of Judge Charles J. Siragusa dated January 8, 2013, all pretrial motions have been referred to me pursuant to 28 U.S.C. § 636(b)(1)(A)-(B). (Docket #70).

Before the Court are defendant Kenya Brown's motions to (1) dismiss the Indictment for alleged violations of the Speedy Trial Act (Docket #104), and (2) suppress evidence seized as the result of the surreptitious installation of a GPS tracker on a vehicle Brown was driving (Docket #103). In addition to the above listed motions, Brown also moved to suppress post-arrest statements he allegedly made to law enforcement on March 9, 2012. (Docket ##85, 97). A suppression hearing was held by the undersigned on June 25, 2013, and an oral Report and Recommendation was issued finding that the statements were lawfully obtained and recommending their admissibility at trial. This Report and Recommendation will serve to confirm that determination.

## Discussion

1. <u>Motion to Dismiss Indictment</u>: Brown contends that the Indictment pending against him must be dismissed because the Government failed to indict him within thirty days of his arrest as required by 18 U.S.C. § 3161(b). On March 13, 2012, Kenya Brown and his brother Shawnta Brown were arrested and jointly charged in a criminal complaint (Docket #1) with narcotic and firearm related offenses. Brown was afforded an initial appearance on the date of his arrest. Between March 13, 2012 and October 24, 2012, the Court entered several Speedy Trial exclusion orders. These exclusion orders were based on various legitimate grounds, including the Government's motion to detain the defendant, Brown's requests for adjournment of the detention hearing, Brown's request for assignment of counsel and several joint requests by Brown and the Government for additional time for plea negotiations so as to avoid presentation of the case to the grand jury and the return on an indictment. Brown does not contest the validity of these Speedy Trial exclusion orders.

On October 10, 2012, Brown appeared before the Court and requested additional time to pursue plea negotiations. Brown's attorney acknowledged that a detention motion was still pending and requested an additional thirty days to continue negotiations. Brown's attorney told the Court that there had been progress in aspects of the plea negotiations and that Brown did not want to

"force [the government] to present the case to the grand jury." Brown's counsel requested "one final opportunity" to negotiate a plea bargain. The Court granted Brown two more weeks to finalize the plea bargain and, at the request of both Brown and the Government, entered an "interests of justice" exclusion pursuant to 18 U.S.C. § 3161(h)(7)(A). See Docket #60. The Court informed Brown and the Government that given the time the case had been pending, no further appearances on the criminal complaint would be scheduled.

Meanwhile, co-defendant Shawnta Brown was separately engaged in plea negotiations with the Government. On two occasions after October 10, 2012, the Court granted motions filed by Shawnta Brown (and joined by the Government) seeking to exclude time under the Speedy Trial Act so as to allow Shawnta Brown additional time to complete plea negotiations. See Docket ##62, 64. However, on January 3, 2013, counsel for Shawnta Brown advised the Court that plea negotiations had failed and the case would now be presented to the grand jury. Five days later, on January 8, 2013, the grand jury returned an Indictment jointly charging Shawnta Brown and Kenya Brown with firearm and narcotic related offenses, some, but not all of which, were encompassed by the criminal complaint. See Docket #69. Although Kenya Brown's counsel was electronically served with and thus aware of the two Speedy Trial exclusion orders entered after October 10, 2012, Kenya Brown did not seek to sever

his case from Shawnta Brown or otherwise object to the exclusion orders.

In seeking dismissal of the Indictment, Kenya Brown claims that because the Indictment against him was not returned by November 23, 2012 (thirty days after expiration of the last Speedy Trial Exclusion Order he requested), the charges against him are subject to dismissal as violative of 18 U.S.C. § 3161(b). Brown recognizes that Speedy Trial Orders were entered excluding the time between November 23, 2012 and January 3, 2013, but argues that these Orders were applicable only to his co-defendant and did not operate to stop the "thirty day clock" with respect to his rights under § 3161(b).

The Speedy Trial Act itself is dispositive of Kenya's Brown's Speedy Trial violation claim. 18 U.S.C. § 3161(h) delineates specific types of delay which "shall be excluded in computing the time within which an information or an indictment must be filed." Subsection (h)(6) of Section 3161 is applicable here and provides an exclusion for: "A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). While this Section refers to defendants "joined for trial" and not defendants jointly charged in a criminal complaint, the explicit language of Section (h) makes clear that the "periods of delay" enumerated therein apply to computing "the

time within which an information <u>or an indictment</u> must be filed." 18 U.S.C. § 3161(h)(emphasis added). <u>See</u> <u>United States v. Martinez-Martinez</u>, 369 F.3d 1076, 1085 (9th Cir. 2004)("The precise language of § 3161(h) states that the 'periods of delay' set forth in (h)(1)-(9) shall be excluded when computing the time elapsed in the pre-indictment period *or* the pretrial period."); <u>United States v. Alli</u>, Criminal No. 09-mj-354(6) ADM, 2009 WL 3644834, at *2 (D. Minn. Oct. 30, 2009)(while the defendant's "claim of a violation of the Speedy Trial Act relates to the time period between arrest and indictment, as opposed to the time period between indictment and trial," the Speedy Trial Act does not hinge the applicability of Section (h)(1) exclusions on the basis of whether they arise in the pre-indictment period or the pretrial period).

The only issue then for the Court to decide is whether applying the period of delay attributable to Shawnta Brown to Kenya Brown is a "reasonable period of delay" as required by 18 U.S.C. § 3161(h)(7)(A). <u>See</u> <u>United States v. Stephens</u>, 489 F.3d 647, 654 (5th Cir. 2007)("Attribution of the excludable delay of one codefendant to another codefendant is not, however, automatic; rather, the period of delay must be reasonable.")(citing <u>Henderson v. United States</u>, 476 U.S. 321, 326-27 (1986)). <u>See</u> <u>generally</u> <u>United States v. Maryea</u>, 704 F.3d 55 (1st Cir. 2013)(collecting cases on application of the "reasonableness requirement"). The period at issue here is between November 23, 2012 and January 3,

5

2013. I find that this forty day period was reasonable under the particular facts and circumstances present here.

First, Kenya Brown has not made any showing of substantial prejudice resulting from being subject to the speedy trial exclusion applicable to his co-defendant. Although Brown alleges that the failure of the Government to present his case to the grand jury resulted in unnecessary pretrial detention and isolation from his family, Brown consented to such detention for many months and specifically decided not to exercise his right to a detention hearing at any time after his arrest. Moreover, even assuming that the Government did violate Brown's right to have his case presented to the grand jury, the remedy would not be dismissal of all charges currently pending against him. The Second Circuit has cautioned that the dismissal remedy provided in 18 U.S.C. § 3162(a)(1) is to be narrowly construed and applies only to those charges "specifically pleaded in the complaint." United States v. Gaskin, 364 F.3d 438, 452 (2d Cir. 2004). Here, there are substantive counts in the pending Indictment that are not contained in the complaint and the conspiracy charge in the complaint is limited to cocaine while the conspiracy charge in the Indictment also includes cocaine base. Thus, even if Brown was successful and the dismissal remedy in § 3162(a)(1) was applied, he would still have serious narcotic related charges pending against him and, absent a successfully litigated detention hearing, would remain

incarcerated.

Second, the "ends of justice" exclusions that were applied to Shawnta Brown were not unreasonable, and indeed were justified by the same reason Kenya Brown requested speedy trial exclusions – to avoid indictment by trying to negotiate a mutually acceptable plea disposition. The extended period of time sought by both defendants and the Government, and granted by the Court, were made possible by the speedy trial continuances I granted. Although the negotiations for each defendant were ultimately unsuccessful, allowing the parties adequate time to engage in pre-indictment plea bargaining is common in federal criminal prosecutions, particularly those involving serious drug and firearm related offenses where the defendants face long periods of incarceration if convicted. Orders granting excludable time to pursue pre-indictment plea negotiations are not inconsistent with the purpose of the Speedy Trial Act. See United States v. Maryea, 704 F.3d at 67.

Finally, although the posture of the defendant's case was pre-indictment and a formal motion schedule had not been established, Brown gave no indication until after he was indicted that he wanted his speedy trial "clock" to be severed from that of his co-defendant. Courts have found that a defendant's failure to notify the Court that severance from a co-defendant is sought is a factor appropriately considered in determining whether a delay is unreasonable. See United States v. Maryea, 704 F.3d at 67-68.

For the reasons set forth herein, I find that Kenya Brown's rights under the Speedy Trial Act were not violated and, therefore, it is my Report and Recommendation that Brown's motion to dismiss the Indictment should be **denied**.

2. GPS Tracker: On March 5, 2012, Monroe County Court Judge Vincent Dinolfo signed a warrant authorizing the installation of a GPS tracking device on a BMW registered to Shawnta Brown. The device was surreptitiously installed on the BMW on March 6, 2012. Brown argues that the installation of the GPS tracking device on the vehicle violated the Fourth Amendment and seeks suppression of any evidence derived from the device.[1]

In United States v. Jones, ___ U.S. ___, 132 S. Ct. 945 (2012), the Supreme Court held that the secret placement of a GPS tracking device on a vehicle qualifies as a search within the meaning of the Fourth Amendment. Jones, 132 S. Ct. at 949 ("[T]he Government's installation of a GPS device on a target's vehicle, and its use of that device to monitor the vehicle's movements, constitutes a 'search.'") (footnote omitted). Here, law enforcement complied with Jones and obtained a warrant authorizing the installation of the tracking device. The sole issue then is whether the warrant Judge Dinolfo issued was supported by probable

---

[1] After a brief hearing on June 25, 2013, during which the defendant testified, the Court determined that during the relevant time period Kenya Brown used the BMW with the permission of Shawnta Brown and thus had "standing" to contest the installation of the GPS tracking device.

8

cause.

In deciding whether to issue a warrant, the issuing judge must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). "[O]nly the probability, and not a prima facie showing, of criminal activity is the standard of probable cause." Id. at 235 (citation omitted).

Here, the GPS warrant application was supported by the affidavit of Rochester Police Department Investigator Jennifer Morales. In her affidavit, Morales sets forth detailed observations she made regarding Kenya Brown's use of the BMW vehicle during a controlled purchase of narcotics on January 6, 2012 and the corroborating evidence obtained from an interview of Stepven Williams conducted at the offices of the United States Attorney. During the interview, Williams confirmed that Kenya Brown was supplying Williams with cocaine and was using the BMW vehicle in furtherance of drug trafficking activities, including the January 6, 2012 controlled purchase of cocaine. Based upon the evidence set forth in the Morales affidavit, I find that there was ample factual support for issuance of the warrant. Judge Dinolfo reasonably concluded that the BMW was being used in furtherance of

drug distribution activities and surreptitious placement of a GPS tracking device on the vehicle would likely yield evidence of illegal narcotics trafficking. In sum, I find that there was probable cause to issue the warrant and Kenya Brown's Fourth Amendment rights were not violated. Accordingly, it is my Report and Recommendation that Brown's motion to suppress the evidence derived from the tracking device be **denied**.

3. <u>Motion to Suppress Post-Arrest Statement</u>: Kenya Brown was arrested on March 9, 2013, brought to the Public Safety Building in downtown Rochester, and subjected to a custodial interrogation. Brown moved to suppress the statement he gave to police and on June 25, 2013 this Court held a suppression hearing. Investigator Jennifer Morales was the sole witness at the hearing. At the conclusion of the hearing, I issued an oral Report and Recommendation finding that Kenya Brown was properly advised of his <u>Miranda</u> rights, waived those rights and gave a voluntary statement to Inv. Morales. This written Report and Recommendation will serve to formally confirm that determination and advise the defendant that any objection to my Recommendation denying his motion to suppress his post-arrest statement must be accompanied by a copy of the transcript of my June 25, 2013 oral Report and Recommendation.

## Conclusion

Based on the foregoing, it is my Report and Recommendation that the defendant's motions to dismiss the indictment (Docket #104) and to suppress evidence derived from the GPS tracking device (Docket #103) be **denied**. The Court's oral Report and Recommendation finding that the defendant's motion to suppress his post-arrest statement (Docket ## 85, 97) should be **denied** is confirmed.[2]

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: July 10, 2013
       Rochester, New York

---

[2] There remains pending Kenya Brown and Shawnta Brown's motions to suppress identification testimony. A suppression hearing has been held and counsel have requested a transcript of the hearing before filing post-hearing briefs. A separate Report and Recommendation will then be issued resolving the remaining identification issue.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b)(2) of the Local Rules of Criminal Procedure for the Western District of New York.[3]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(2) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections ... shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b)(2) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**SO ORDERED.**

_____
Jonathan W. Feldman
United States Magistrate Judge

Dated: July 10, 2013
Rochester, New York

---

[3] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).