UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

**DECISION AND ORDER**

6:13-CR-6006 EAW

KENYA BROWN,

Defendant.

This Court referred all pretrial matters in the case to United States Magistrate Judge Jonathan W. Feldman pursuant to 28 U.S.C. §§ 636(b)(1)(A) & (B). (Dkt. 70). On June 4, 2015, Magistrate Judge Feldman issued a Report and Recommendation, referencing the reasons set forth on the record during the May 29, 2015 suppression hearing, recommending that the Court deny defendant Kenya Brown's motion to suppress identification evidence. (Dkt. 192).

Pursuant to Fed. R. Crim. P. 59(b)(2) and 28 U.S.C. § 636(b)(1), the parties had 14 days after being served a copy of the Report and Recommendation to file objections. No objections were filed.[1] The Court is not required to review *de novo* those portions of a report and recommendation to which objections were not filed. *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) ("We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial

---

[1] On July 1, 2015, nine days after Defendant's deadline to file objections, the Court received a letter from defense counsel requesting an extension of time to file objections to Judge Feldman's Report and Recommendation. On July 6, 2015, the Court granted Defendant's request, and ordered that Defendant file any objections by July 10, 2015. (Dkt. 194). Despite obtaining this extension, Defendant did not file any objections.

review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.").

The Court has reviewed the Report and Recommendation and the record of the May 29, 2015 suppression hearing, as well as the filings previously made in the case, and finds no reason to reject or modify the Report and Recommendation of Magistrate Judge Feldman.  A pretrial photographic identification procedure violates due process "only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384 (1968).  Here, neither the photo arrays themselves, nor the manner in which the photo arrays were displayed, was impermissibly suggestive. Therefore, the Court accepts and adopts the Report and Recommendation in its entirety.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:      July 20, 2015
            Rochester, New York